REDACTED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 07-<u>139</u> |
| ) | |
| STEPHEN PRIEST, ) | |
| ) | |
| Defendant. ) | |

### INDICTMENT

The Grand Jury for the District of Delaware charges that:

FILED
OCT 23 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

### Introduction

1. At all times material herein,

    A. The United Auto Workers Local 1516 ("Local 1516"), which represents approximately 200 workers in the automotive industry employed by Johnson Controls, in Middletown, Delaware, is a "labor organization," within the meaning of 29 U.S.C. § 402(i) and (j).

    B. Local 1516 is affiliated with the United Auto Workers ("UAW") International Union, an international union representing workers in the automotive industry. Local 1516 is governed by its own Bylaws and also by the UAW Constitution. The UAW negotiates and signs a collective bargaining agreement with Johnson Controls, and Local 1516 maintains the collective bargaining agreement with Johnson Controls in the State of Delaware.

    C. Defendant Stephen Priest is an employee of Johnson Controls and has been a member of Local 1516 since in or around 1996. In or around July 2003, Priest was elected Financial Secretary of Local 1516. Priest remained as Local 1516's Financial Secretary until in or about May 2006. In that capacity, Priest's duties

    included paying Local 1516's bills out of the union treasury, depositing Local 1516's income, maintaining full and accurate financial records for Local 1516, preparing Local 1516's required reports of the financial transactions and status of the association to the UAW, including Local 1516's annual LM-3 report, and conducting periodic audits of Local 1516's finances with Local 1516's trustees.

D.  Local 1516 maintained one bank account, a checking account with Wachovia Bank, N.A.'s branch office in Middletown, Delaware, under the name United Auto Workers Local 1516 ("Local 1516's Bank Account"). Local 1516's Bank Account was the general operating account from which all union checks, including automated payments, were drawn and cashed.

F.  By virtue of his office as Financial Secretary, Priest was an authorized co-signatory, along with Local 1516's President, on Local 1516's Bank Account. All checks drawn on Local 1516's Bank Account required the signature of both the Financial Secretary and the President. Priest prepared and co-signed all checks written on Local 1516's Bank Account from July 2003 through May 2006.

### The Scheme

2.  Between on or about September 10, 2004, through on or about May 15, 2006, Priest embezzled $97,899.19 from Local 1516 for his personal use.

3.  To accomplish this scheme, Priest utilized his authority to sign Local 1516 checks to obtain funds from Local 1516's Bank Account for his personal use with respect to ten separate payees, as described below. It was further part of the defendant's scheme that Priest authorized automatic check payments drawn on Local 1516's Bank Account with respect to four payees, as further described below.

A. Unauthorized Direct Disbursements

    i. Between on or about September 17, 2004, through on or about May 15, 2006, the defendant wrote and negotiated fifty-seven (57) checks out of Local 1516's Bank Account payable to Stephen Priest. These checks totaled approximately $63,530.00.

    ii. Priest was not authorized to issue any of these checks. None of these disbursements had a union purpose nor were the funds utilized for the benefit of Local 1516. The signature of the required co-signer for each of these checks, Local 1516's President, was forged.

B. Unauthorized Payment to American Education Services

    i. On or about October 19, 2004, the defendant wrote check number 2755 for approximately $624.14 out of Local 1516's Bank Account payable to American Education Services.

    ii. Priest was not authorized to issue this check to American Education Services. The disbursement had no union purpose nor were the funds utilized for the benefit of Local 1516. The signature of the required co-signer for this check, Local 1516's President, was forged.

C. Unauthorized Payments to Verizon Wireless

    i. Between on or about September 10, 2004, through on or about May 1, 2006, the defendant wrote fifteen (15) checks totaling approximately $14,464.47 out of Local 1516's Bank Account payable to Verizon Wireless.

    ii. Priest was not authorized to issue any of these checks to Verizon Wireless. These disbursements had no union purpose nor were the funds utilized for

the benefit of Local 1516. The signature of the required co-signer for these checks, Local 1516's President, was forged.

D. Unauthorized Payments to Capital One

   i. Between on or about April 25, 2005, through on or about May 4, 2006, the defendant diverted funds out of Local 1516's Bank Account payable to Capital One in a total amount of approximately $9,249.88.

   ii. Of this total, the defendant wrote four checks totaling approximately $5,602.91. Priest was not authorized to issue any of these checks to Capital One. These disbursements had no union purpose nor were the funds utilized for the benefit of Local 1516. The signature of the required co-signer for these checks, Local 1516's President, was forged.

   ii. The defendant also caused six automated check payments totaling approximately $3,646.97 to be debited from Local 1516's Bank Account. As with the checks to Capital One, Priest was not authorized to approve these automated check payments, they did not have a union purpose, nor were the funds utilized for the benefit of Local 1516.

E. Unauthorized Payments to Citi Financial Auto

   i. Between on or about November 2, 2005, through on or about March 10, 2006, the defendant wrote four checks totaling approximately $1,283.60 out of Local 1516's Bank Account payable to Citi Financial Auto.

   ii. Priest was not authorized to issue any of these checks to Citi Financial Auto. These disbursements had no union purpose nor were the funds utilized for the benefit of Local 1516. The signature of the required co-

signer for these checks, Local 1516's President, was forged.

F. Unauthorized Payment to Conectiv Power Delivery

i. On or about January 17, 2005, the defendant wrote a check totaling approximately $858.25 out of Local 1516's Bank Account payable to Conectiv Power Delivery.

ii. Priest was not authorized to issue this check to Conectiv Power Delivery. This disbursement had no union purpose nor were the funds utilized for the benefit of Local 1516. The signature of the required co-signer for the check, Local 1516's President, was forged.

G. Unauthorized Payment to Credit One Bank

i. On or about May 9, 2006, the defendant diverted funds out of Local 1516's Bank Account payable to Credit One Bank in a total amount of approximately $200.00.

ii. Priest was not authorized to approve this automated check payment. This disbursement had no union purpose nor were the funds utilized for the benefit of Local 1516.

H. Unauthorized Payment to Delmarva Power

i. On or about March 8, 2006, the defendant wrote a check totaling approximately $190.93 out of Local 1516's Bank Account payable to Delmarva Power.

ii. Priest was not authorized to issue this check to Delmarva Power. This disbursement had no union purpose nor were the funds utilized for the benefit of Local 1516. The signature of the required co-signer for the

check, Local 1516's President, was forged.

I.    Unauthorized Payments to First National Bank of Marin

      i.    Between on or about April 25, 2005, through on or about March 14, 2006, the defendant diverted funds out of Local 1516's Bank Account payable to First National Bank of Marin in a total amount of approximately $3,305.05.

      ii.    Of this total, the defendant wrote two checks totaling approximately $1,192.29 payable to First National Bank of Marin. Priest was not authorized to issue these two checks to First National Bank of Marin. These disbursements had no union purpose nor were the funds utilized for the benefit of Local 1516. The signature of the required co-signer for these checks, Local 1516's President, was forged.

      ii.    The defendant also caused five automated check payments totaling approximately $2,112.76 to be debited from Local 1516's Bank Account. As with the checks to First National Bank of Marin, Priest was not authorized to approve these automated check payments, they did not have a union purpose, nor were the funds utilized for the benefit of Local 1516.

J.    Unauthorized Payment to H.S.B.C. Retail Services

      i.    On or about May 1, 2006, the defendant wrote a check totaling approximately $500.00 out of Local 1516's Bank Account payable to H.S.B.C. Retail Services.

      ii.    Priest was not authorized to issue this check to H.S.B.C. Retail Services. This disbursement had no union purpose nor were the funds utilized for the benefit of Local 1516. The signature of the required co-signer for the

check, Local 1516's President, was forged.

K. Unauthorized Payments to Premier Credit Card

i. Between on or about February 7, 2006, through on or about May 5, 2006, the defendant diverted funds out of Local 1516's Bank Account payable to Premier Credit Card in a total amount of approximately $728.97.

ii. Priest was not authorized to approve these three automated check payments. These disbursements had no union purpose nor were the funds utilized for the benefit of Local 1516.

L. Unauthorized Payment to Rylin Motors

i. On or about April 8, 2005, the defendant wrote a check totaling approximately $2,000.00 out of Local 1516's Bank Account payable to Rylin Motors.

ii. Priest was not authorized to issue this check to Rylin Motors. This disbursement had no union purpose nor were the funds utilized for the benefit of Local 1516. The signature of the required co-signer for the check, Local 1516's President, was forged.

**COUNT ONE**

4. Paragraphs 1-2 & 3A are hereby realleged and incorporated by reference.

5. On or about January 17, 2005, in the District of Delaware, the defendant Stephen Priest, while an officer, that is, Financial Secretary, of Local 1516, a labor organization engaged in an industry affecting commerce, did embezzle, steal and unlawfully and willfully abstract and convert to his own use the moneys, funds, securities, property, and other assets of said labor organization, in the approximate amount of $2,400.00, to wit, check number 2830 dated January

17, 2005, drawn on Local 1516's Bank Account payable to Stephen Priest.

All in violation of Title 29, United States Code, Section 501(c).

## COUNT TWO

6. Paragraphs 1-2 & 3B are hereby realleged and incorporated by reference.

7. On or about October 19, 2004, in the District of Delaware, the defendant Stephen Priest, while an officer, that is, Financial Secretary, of Local 1516, a labor organization engaged in an industry affecting commerce, did embezzle, steal and unlawfully and willfully abstract and convert to his own use the moneys, funds, securities, property, and other assets of said labor organization in the approximate amount of $624.14, to wit, check number 2755 dated October 19, 2004, drawn on Local 1516's Bank Account payable to American Education Services.

All in violation of Title 29, United States Code, Section 501(c).

## COUNT THREE

8. Paragraphs 1-2 & 3C are hereby realleged and incorporated by reference.

9. On or about September 10, 2004, in the District of Delaware, the defendant Stephen Priest, while an officer, that is, Financial Secretary, of Local 1516, a labor organization engaged in an industry affecting commerce, did embezzle, steal and unlawfully and willfully abstract and convert to his own use the moneys, funds, securities, property, and other assets of said labor organization in the approximate amount of $1,691.75, to wit, check number 2717 dated September 10, 2004, drawn on Local 1516's Bank Account payable to Verizon Wireless.

All in violation of Title 29, United States Code, Section 501(c).

## COUNT FOUR

10. Paragraphs 1-2 & 3D are hereby realleged and incorporated by reference.

11. On or about April 25, 2005, in the District of Delaware, the defendant Stephen Priest, while an officer, that is, Financial Secretary, of Local 1516, a labor organization engaged in an

industry affecting commerce, did embezzle, steal and unlawfully and willfully abstract and convert to his own use the moneys, funds, securities, property, and other assets of said labor organization in the approximate amount of $1,948.41, to wit, check number 2913 dated April 25, 2005, drawn on Local 1516's Bank Account payable to Capital One.

All in violation of Title 29, United States Code, Section 501(c).

## COUNT FIVE

12. Paragraphs 1-2 & 3E are hereby realleged and incorporated by reference.

13. On or about March 10, 2006, in the District of Delaware, the defendant Stephen Priest, while an officer, that is, Financial Secretary, of Local 1516, a labor organization engaged in an industry affecting commerce, did embezzle, steal and unlawfully and willfully abstract and convert to his own use the moneys, funds, securities, property, and other assets of said labor organization in the approximate amount of $332.15, to wit, check number 3162 dated March 10, 2006, drawn on Local 1516's Bank Account payable to Citi Financial Auto.

All in violation of Title 29, United States Code, Section 501(c).

## COUNT SIX

14. Paragraphs 1-2 & 3F are hereby realleged and incorporated by reference.

15. On or about January 17, 2005, in the District of Delaware, the defendant Stephen Priest, while an officer, that is, Financial Secretary, of Local 1516, a labor organization engaged in an industry affecting commerce, did embezzle, steal and unlawfully and willfully abstract and convert to his own use the moneys, funds, securities, property, and other assets of said labor organization in the approximate amount of $858.25, to wit, check number 2829 dated January 17, 2005, drawn on Local 1516's Bank Account payable to Conectiv Power Delivery.

All in violation of Title 29, United States Code, Section 501(c).

## COUNT SEVEN

16. Paragraphs 1-2 & 3G are hereby realleged and incorporated by reference.

17. On or about May 9, 2006, in the District of Delaware, the defendant Stephen Priest, while an officer, that is, Financial Secretary, of Local 1516, a labor organization engaged in an industry affecting commerce, did embezzle, steal and unlawfully and willfully abstract and convert to his own use the moneys, funds, securities, property, and other assets of said labor organization in the approximate amount of $200.00, to wit, automated check payment number 3189 dated May 9, 2006, from Local 1516's Bank Account to the credit of Credit One Bank.

All in violation of Title 29, United States Code, Section 501(c).

## COUNT EIGHT

18. Paragraphs 1-2 & 3H are hereby realleged and incorporated by reference.

19. On or about March 8, 2006, in the District of Delaware, the defendant Stephen Priest, while an officer, that is, Financial Secretary, of Local 1516, a labor organization engaged in an industry affecting commerce, did embezzle, steal and unlawfully and willfully abstract and convert to his own use the moneys, funds, securities, property, and other assets of said labor organization in the approximate amount of $190.93, to wit, check number 3161 dated March 8, 2006, drawn on Local 1516's Bank Account payable to Delmarva Power.

All in violation of Title 29, United States Code, Section 501(c).

## COUNT NINE

20. Paragraphs 1-2 & 3I are hereby realleged and incorporated by reference.

21. On or about August 23, 2005, in the District of Delaware, the defendant Stephen Priest, while an officer, that is, Financial Secretary, of Local 1516, a labor organization engaged in an industry affecting commerce, did embezzle, steal and unlawfully and willfully abstract and convert to his own use the moneys, funds, securities, property, and other assets of said labor

organization in the approximate amount of $850.56, to wit, check number 2989 dated August 23, 2005, drawn on Local 1516's Bank Account payable to First National Bank of Marin.

All in violation of Title 29, United States Code, Section 501(c).

### COUNT TEN

22. Paragraphs 1-2 & 3J are hereby realleged and incorporated by reference.

23. On or about May 1, 2006, in the District of Delaware, the defendant Stephen Priest, while an officer, that is, Financial Secretary, of Local 1516, a labor organization engaged in an industry affecting commerce, did embezzle, steal and unlawfully and willfully abstract and convert to his own use the moneys, funds, securities, property, and other assets of said labor organization in the approximate amount of $500.00, to wit, check number 3188 dated May 1, 2006, drawn on Local 1516's Bank Account payable to H.S.B.C. Retail Services.

All in violation of Title 29, United States Code, Section 501(c).

### COUNT ELEVEN

24. Paragraphs 1-2 & 3K are hereby realleged and incorporated by reference.

25. On or about March 10, 2006, in the District of Delaware, the defendant Stephen Priest, while an officer, that is, Financial Secretary, of Local 1516, a labor organization engaged in an industry affecting commerce, did embezzle, steal and unlawfully and willfully abstract and convert to his own use the moneys, funds, securities, property, and other assets of said labor organization in the approximate amount of $300.20, to wit, automated check payment number 3154 dated March 10, 2006, from Local 1516's Bank Account to the credit of Premier Credit Card.

All in violation of Title 29, United States Code, Section 501(c).

## COUNT TWELVE

26.  Paragraphs 1-2 & 3L are hereby realleged and incorporated by reference.

27.  On or about April 8, 2005, in the District of Delaware, the defendant Stephen Priest, while an officer, that is, Financial Secretary, of Local 1516, a labor organization engaged in an industry affecting commerce, did embezzle, steal and unlawfully and willfully abstract and convert to his own use the moneys, funds, securities, property, and other assets of said labor organization in the approximate amount of $2,000.00, to wit, check number 2897 dated April 8, 2005, from Local 1516's Bank Account payable to Rylin Motors.

All in violation of Title 29, United States Code, Section 501(c).

A True Bill:

COLM F. CONNOLLY
United States Attorney

By: *[signature]*
Shannon T. Hanson
Assistant United States Attorney

Dated: October 23, 2007