IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 07-139-GMS |
| | ) | |
| STEPHEN PRIEST, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Shannon T. Hanson, Assistant United States Attorney for the District of Delaware, and the defendant, Stephen Priest, by and through his attorney, Keir Bradford, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant, Stephen Priest, agrees to plead guilty to Count Four of the Indictment against him. Count Four charges the defendant with violating 29 U.S.C. § 501(c), willful conversion of union funds. The maximum penalties for Count Four are five years imprisonment, three years supervised release, a $10,000 fine, a $100 special assessment, and restitution to the victim, United Auto Workers Local 1516 ("Local 1516").

2. The defendant understands that if there were a trial, the Government would have to prove the following elements with respect to Count Four beyond a reasonable doubt: (1) that on or about April 25, 2005, defendant Stephen Priest knowingly embezzled or unlawfully converted to his own use or the use of another; (2) the moneys, funds or other assets of Local 1516, to wit, check number 2913 for $1,948.41 drawn on Local 1516's checking account with

Wachovia Bank, N.A.; (3) Local 1516 was a labor organization engaged in an industry affecting commerce, of which; (4) the defendant was at all times alleged in the Indictment an officer, to wit, Financial Secretary.

3. The defendant knowingly, voluntarily, and intelligently admits that he is in fact guilty of the offense described in paragraphs one and two.

4. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. Based on information available to it at this stage (prior to the preparation of the pre-sentence report) and provided that the government does not learn of information inconsistent with the defendant's representations to date, the government will not oppose a variance from the otherwise applicable guideline range based on the history and characteristics of the defendant, under 18 U.S.C. Section 3553(a)(1). In particular, the defendant's repayment of substantially all of the restitution owed to the victim Local 1516 prior to his being charged in this case merits consideration under Section 3553(a)(1). The government reserves the right to (a) contest a variance or departure on other grounds and (b) contest a variance or departure on other grounds if, prior to sentencing, the government learns of information inconsistent with the defendant's representations to date.

5. The defendant understands that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary

to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

6. The parties hereby agree and stipulate that, for purposes of the Sentencing Guidelines, the total loss attributable to the defendant for his conduct as alleged in the Indictment is more than $70,000 but less than $120,000.

7. The defendant agrees to pay the $100 special assessment at the time of sentencing. Should he fail to do so and should he be incarcerated as a consequence of this conviction, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

8. Provided that the United States Attorney does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, at sentencing, the United States will not object to a two-level reduction under U.S.S.G. § 3E1.1(a) based on the defendant's conduct to date and will move for an additional one-level reduction under U.S.S.G. § 3E1.1(b).

9. At the time of sentencing, the United States agrees to move to dismiss Counts One through Three and Five through Twelve of the Indictment returned against the defendant on October 23, 2007.

10. It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and

have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

                                          COLM F. CONNOLLY
                                          United States Attorney

_____      BY: _____
Stephen Priest                           Shannon T. Hanson
Defendant                               Assistant United States Attorney

_____
Keir Bradford
Attorney for Defendant

Dated: _____

        **AND NOW,** this 10th day of Jan., 2008, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

                                          _____
                                          HONORABLE GREGORY M. SLEET
                                          Chief Judge
                                          United States District Court

**FILED**

**JAN 1 0 2008**

U.S. DISTRICT COURT
DISTRICT OF DELAWARE